UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**ROBERT CROOMS JR #443044**　　　　　**CASE NO.  6:24-CV-01262 SEC P**

**VERSUS**　　　　　**JUDGE ROBERT R. SUMMERHAYS**

**POLICE DEPT**　　　　　**MAGISTRATE JUDGE WHITEHURST**
**CITY OF ABBEVILLE, ET AL.**

## RULING

This matter was referred to United States Magistrate Judge Carol B. Whitehurst for Report and Recommendation ("R&R"). After an independent review of the record, the Court adopts the findings and conclusions in the R&R, with the exception of section II(C)(a), which the Court modifies as follows:

The incident that occurred in 2016 is prescribed. "There is no federal statute of limitations for actions brought pursuant to 42 U.S.C. § 1983," so the federal courts borrow the limitations period of the forum state. *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992). *See also, Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) ("Federal courts borrow state statutes of limitations to govern claims brought under section 1983."); *White v. Gusman*, 347 Fed.Appx. 66, 67 (5th Cir. 2009) (unpublished) ("The prescriptive period for a claim brought under § 1983 is provided by the law of the state in which the claim arose."). Louisiana's prescriptive period for delictual actions "is the pertinent statute of limitations for § 1983 actions" against Louisiana officials. *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989). Thus, in Louisiana, civil rights suits arising before July 1, 2024 are subject to a limitations period of one year.[1]

---

[1] *See* La. Civ. Code art. 3492 (West 2024); *see also* La. Civ. Code art. 3493.1 (West 2025), app. notes (The two-year prescriptive period effective July 1, 2024 "shall apply to delictual actions arising after the effective date of this Act.")

Though the Louisiana prescriptive period of one year applies to Plaintiff's civil rights claims, federal law controls when his claims accrued, i.e., when the limitations period starts. *Harris*, 198 F.3d at 157. Under federal law, a claim generally accrues "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured" and that there is a connection between his injury and the defendant's actions. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (internal quotation marks and citations omitted). "A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim." *Id.*, citing *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983). The 2016 incident is clearly prescribed and should be dismissed.

THUS DONE in Chambers on this __24th__ day of February, 2025.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE